**Kevin WHITNER, Defendant Below–Appellant,**

v.

**STATE of Delaware, Plaintiff Below–Appellee.**

No. 352, 2000.

Supreme Court of Delaware.

Submitted: Aug. 24, 2000.
Decided: Oct. 16, 2000.

Kevin Whitner, Multi Purpose Criminal Justice Facility, Wilmington, Delaware, pro se.

Elizabeth R. McFarlan, Department of Justice, Wilmington, Delaware, for appellee.

Before WALSH, HOLLAND, and STEELE, Justices.

HOLLAND, Justice:

This is an appeal from a final judgment of the Superior Court. The Superior Court denied the motion of the defendant-appellant, Kevin Whitner, for a modification of his sentence. Whitner claimed that, at the time his Level V sentence was imposed for a violation of probation, he should have received credit for 6 months spent in the boot camp program pursuant to 11 *Del. C.* § 6710. We conclude that the Superior Court correctly determined that 11 *Del. C.* § 6710 did not apply to Whitner and that, under 11 *Del. C.* § 6712, Whitner was not entitled to credit for 6 months spent in the boot camp program. We, therefore, affirm.

### *Facts*

In February 1998, Whitner pleaded guilty to trafficking in cocaine. The Superior Court deferred Whitner's sentencing on the condition that he complete the first offender boot camp diversion program pursuant to 11 *Del. C.* § 6712(d)(1)–(5).[1] Whitner was ordered to be placed in a boot camp facility with a drug treatment program for a period of not less than 6 months, to be followed by supervision at Levels IV and III for a period of not less than 2–½ years. Whitner was further ordered to comply with a curfew and certain geographical restrictions, as determined by the Department of Correction, during his time at Levels IV and III.

1. The Superior Court's sentencing order also refers to 11 *Del. C.* § 6705.

In December 1999, after completing the boot camp program, Whitner was found guilty of violating his probation by failing to apply for transfer of his probation to Pennsylvania and failing to report to his supervising officer. He was sentenced to 3 years incarceration at Level V under 16 *Del. C.* § 4753A(a)(2) a., to be followed by 6 months of Level III supervision under 11 *Del. C.* § 4204(*l*).

### First Offender Boot Camp Diversion Program

 The first offender boot camp diversion program is governed by 11 *Del. C.* § 6712, subsection (h) of which provides as follows:

> ... Upon a finding that the offender has violated any of the terms or conditions of supervision or probation at the boot camp or at Level IV or Level III, the court shall proceed to sentencing on all charges for which sentencing was originally deferred pursuant to this section, and shall impose not less than the full applicable Level V sentence mandated for the offense(s) of which the offender was convicted ... No credit time shall be given for any time spent in boot camp, Level IV or Level III. Failure of the sentencing court to comply with the sentencing provisions of this subsection shall constitute an illegal sentence....

The statute, thus, mandates that, upon a violation of supervision or probation at the boot camp, Level IV or Level III, the Superior Court must impose the full mandatory sentence for the offense of which the offender was convicted. In this case, the Superior Court had no discretion to impose anything less than the full mandatory 3–year sentence for trafficking in cocaine when it sentenced Whitner for his probation violation.[2]

2. 11 *Del. C.* § 4204(*l*) also mandates the imposition of a 6–month period at Level IV, III

### 11 Del. C. § 6710 Does Not Apply

 Whitner is incorrect that 11 *Del. C.* § 6710 applies to his case. Section 6710(c) provides:

> Upon the successful completion of the boot camp program ..., and having served at least 6 months of incarceration, the participant shall be allowed to serve the remaining part of the participant's Level V sentence at either Level IV or Level III.... Should a boot camp graduate violate the Level IV or Level III conditions of supervision, such person shall upon conviction of a violation of probation, be returned to Level V custody to serve the full term of the original Level V sentence, less the 6 months served in boot camp.

By its terms, the statute applies only to boot camp participants who have already served a portion of their Level V sentences. In particular, 11 *Del. C.* § 6710(c) entitles a successful participant in the boot camp program to credit for the 6 months served in boot camp, but only if he has already served at least 6 months of incarceration. Whitner did not serve any Level V time for his cocaine trafficking conviction. His Level V sentence was deferred pursuant to 11 *Del. C.* § 6712 and, therefore, he is not entitled to credit pursuant to 11 *Del. C.* § 6710 for the 6 months he served in boot camp.

### Conclusion

The judgment of the Superior Court is AFFIRMED.

or II following the imposition of a period of incarceration at Level V for 1 year or more.