WADE KOLODI, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 570, 2008
Supreme Court of Delaware.
Submitted: April 29, 2009
Decided: May 12, 2009
Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

ORDER
CAROLYN BERGER, Justice.
This 12th day of May, 2009, on consideration of the briefs of the parties, it appears to the Court that:
1) Wade Kolodi appeals from the sentence imposed by the Superior Court after finding that he violated probation. He not only objects to the VOP sentence, but also to aspects of his earlier sentencings. We conclude that this matter must be remanded to the Superior Court to insure that Kolodi receives credit for time served at Level V while awaiting admission to boot camp.
2) On November 22, 2006, Kolodi pled guilty to possession with intent to deliver a controlled substance and maintaining a dwelling for keeping controlled substances. The Superior Court entered a Boot Camp Diversion Order with respect to his conviction of possession with intent to deliver. The order provided that Kolodi's sentence of 8 years at Level V, to be suspended after a 6 year minimum mandatory sentence, was deferred for placement in boot camp and boot camp aftercare. On the maintaining a dwelling conviction, Kolodi was sentenced to two years at Level V, suspended for 12 months at Level III.
3) The original sentencing order incorrectly stated that Kolodi was subject to a 6 year minimum mandatory term on the possession conviction. On December 6, 2006, the Superior Court entered a corrected order, which provided that the minimum mandatory term was two years, rather than 6 years.
4) Because of space limitations, Kolodi was held at Level V for approximately four months before entering the Boot Camp Diversion Program. Kolodi completed the program and the aftercare on March 4, 2008. In August 2008, Kolodi was arrested on new charges, which resulted in convictions for offensive touching and driving under the influence.
5) In October 2008, after a hearing, the Superior Court found Kolodi in violation of probation. The trial court vacated the Boot Camp Diversion Order and sentenced Kolodi on the possession charge to 8 years at Level V, suspended after the two year minimum mandatory sentence, with credit for 66 days time served[1]. On the maintaining a vehicle charge, the court reimposed the original sentence.
6) At the hearing, after the court imposed the VOP sentence, the State advised the court that Kolodi's possession conviction did not carry a minimum mandatory sentence. The court responded, "Strike that, then." The sentencing order, however, was not corrected until January 23, 2009.
7) On appeal, Kolodi first argues that his original sentence improperly imposed a mandatory term of imprisonment. Although the trial court has corrected that error, Kolodi contends that he should be re-sentenced. He argues that the trial court imposed a sentence based on the incorrect premise that Kolodi was subject to a minimum term of two years at Level V. According to Kolodi, if the trial court realized that it had complete discretion in sentencing him, the court would have imposed a reduced sentence. This claim was never presented to the trial court at the VOP hearing or in any other context and it is not properly before this Court on review of the VOP sentence.
8) Kolodi also contends that the trial court erred in failing to give him credit for time served at Level V while awaiting admission to boot camp, or for time served in boot camp. The State agrees that he is entitled to credit for time served before entering boot camp. With respect to the time served in boot camp, the issue is whether Kolodi's sentence was suspended or deferred. The original sentence order, consistent with Kolodi's plea agreement, is titled "Boot Camp Diversion Order" and provides that "further sentencing proceedings are deferred . . . ." Accordingly, we conclude that Kolodi's sentence was deferred and, therefore, he is not entitled to credit for time served in boot camp.[2]
NOW, THEREFORE, IT IS HEREBY ORDERED that this matter is REMANDED to the Superior Court for recalculation of the credit Kolodi is entitled to receive and, if appropriate, resentencing in accordance with this decision.
NOTES
[1] The credit for time served later was reduced to 48 days because of time served on another sentence.
[2] See: Whitner v.State, 762 A.2d 18 (Del. 2000); 11 Del. C. § 6712 (h).